■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD W. PRAY, Appellant. [604 NYS2d 985] —Cardona J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 23, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

Defendant's indictment arose from an arrest by the State Police in a combined investigation including the State Police, the U.S. Border Patrol and U.S. Customs Officials at the Town of Morristown, St. Lawrence County, when defendant was disembarking from a boat on the St. Lawrence River. A search of his person at the border revealed the marihuana in question. Defense counsel did not request a suppression hearing.

Defendant was not denied the effective assistance of counsel. Effective assistance cannot be defined with precision but must be determined in light of the particular circumstances in each case *(see, People v Rivera,* 71 NY2d 705; *People v Droz,* 39 NY2d 457). A court must consider "whether the attorney's shortcomings were such as to render the ' "trial a farce and a

mockery of justice" ' " *(People v Baldi,* 54 NY2d 137, 146, quoting *People v Aiken,* 45 NY2d 394, 398, quoting *People v Brown,* 7 NY2d 359, 361, *cert denied* 365 US 821) or whether the attorney exhibited "reasonable competence" *(People v Aiken, supra,* at 398-399). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi, supra,* at 147).

Here there is no evidence that defendant was denied the effective assistance of counsel. Defendant alleges that defense counsel was ineffective in not making a motion for a suppression hearing. This does not, by itself, establish ineffective assistance of counsel. Defendant must show the "absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing" rendered the attorney's assistance ineffective *(People v Rivera, supra,* at 709). "Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing" *(supra,* at 709). Under the circumstances of this case, it is certainly possible that counsel came to the conclusion that defendant did not have a colorable basis in law or fact to challenge the confiscation of the marihuana procured as a result of the border search. Such searches are generally not subjected to the warrant provisions of the 4th Amendment and are considered "reasonable" within the meaning of that Amendment *(see, United States v Ramsey,* 431 US 606).

There is also no merit to defendant's assertion that the guilty plea was not properly entered. Defendant admitted his guilt to the elements of the crime charged. There was nothing in the record to suggest that defendant did not understand the nature of the charge or that the plea was involuntarily or unintelligently entered.

Defendant's contention that the prison sentence of 1¾ to 3½ years is harsh and excessive is not supported by this record. Defendant pleaded guilty to the crime of criminal possession of marihuana in the third degree knowing that he would receive the sentence imposed. Given the circumstances, as well as defendant's criminal history, we can find no reason to disturb the sentence. This court finds no abuse of discretion or extraordinary circumstances to merit a reduction of the sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.