■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK PATTERSON, Appellant. [617 NYS2d 221] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 28, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was charged in a two-count indictment with criminal possession of a controlled substance in the third degree. On July 8, 1992, prior to the conclusion of a hearing to suppress physical evidence, defendant entered a counseled plea of guilty to the first count charging criminal possession of a controlled substance in the third degree, a class B felony.

The plea was conditioned upon County Court's promise that should he appear for sentencing on August 17, 1992 and enter a plea of guilty under the second count to attempted criminal possession of a controlled substance in the third degree, a class C felony, he would be sentenced as a second felony offender to the statutory minimum of 3 to 6 years in prison and his guilty plea to criminal possession of a controlled substance in the third degree would be vacated. As a further condition of the plea, defendant also agreed to withdraw all motions previously filed.

On August 17, 1992, defendant appeared in County Court represented by new counsel who had filed a motion on defendant's behalf to withdraw his guilty plea. The proceedings were adjourned to October 27, 1992. On October 27, 1992, County Court denied defendant's motion to vacate and adjourned the matter to the following day to give defendant an opportunity to confer with his attorney in order to determine if he wished to proceed in accordance with the negotiated plea disposition of July 8, 1992. On October 28, 1992, in response to the court's further inquiry as to how he wished to proceed, defendant stated that he was "staying mute". County Court then proceeded to sentence defendant to 4½ to 9 years in prison, the statutory minimum for a predicate felon convicted of criminal possession of a controlled substance in the third degree *(see,* Penal Law § 70.06). Defendant appeals.

Initially, we reject defendant's contention that County Court abused its discretion by denying his application to withdraw his plea. Here, the record confirms that "the plea was knowing and voluntary and was made without the protestation of innocence" *(see, People v Collins,* 186 AD2d 298; *People v Lynch,* 156 AD2d 884, 884-886, *lv denied* 75 NY2d 921). Furthermore, "[a] sentencing court need not permit a defendant to withdraw a plea where, as here, the defendant himself has failed to fulfill an explicit condition underlying the sentence agreement" *(People v McDaniels,* 111 AD2d 876, 877; *see, People v Scott,* 196 AD2d 921; *People v Thompson,* 193 AD2d 841).* One of the clear and unequivocal conditions of the court's promise to sentence defendant to 3 to 6 years was defendant's entry of a plea to the lesser offense of attempted possession of a controlled substance in the third degree. Defendant's failure to fulfill this condition, despite the court's meticulous explanation of the sentencing consequences should he fail to enter a plea to the class C felony, left County Court with the discretion to impose whatever legal sentence it felt was appropriate under the circumstances *(see, People v Scott,*

*supra).* As previously noted, defendant's sentence was the minimum authorized by law.

Additionally, by agreeing to withdraw all outstanding motions and entering his guilty plea before a decision was rendered on his suppression motion, defendant forfeited appellate review of the suppression issues which he seeks to raise on this appeal *(see, People v Fernandez,* 67 NY2d 686; *People v Clark,* 197 AD2d 531, *lv denied* 82 NY2d 892).

We have considered the remaining contentions raised by defendant's assigned counsel and by defendant's supplementary brief and find them to be lacking in merit.

Mikoll, Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.