■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIHUE HILL, Appellant. [632 NYS2d 691] —White, J. Appeal, by permission, from an order of the County Court of Greene County (Battisti, Jr., J.), entered September 7, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the second degree, without a hearing.

Defendant was indicted for the crime of criminal possession of a controlled substance in the first degree. On September 28, 1993, pursuant to a plea bargain, he pleaded guilty to the crime of criminal possession of a controlled substance in the second degree and waived his right to appeal the conviction and sentence. Subsequently, he was sentenced to the agreed term of imprisonment of six years to life.

Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction, which motion was denied by County Court. Defendant appeals from said denial and, although the notice of appeal states that he is also appealing from the conviction itself, his appellate brief is limited to the denial of the CPL 440.10 motion. Defendant's sole contention on this appeal is that pursuant to *People v Ryan* (82 NY2d 497), his plea should be vacated on the grounds that the prosecution was not able to demonstrate his actual knowledge of the

quantity of the controlled substance and that the *Ryan* holding should be applied retroactively.

Although the Court of Appeals has since determined that the *Ryan* decision (*supra*) would be retroactive to cases pending on direct appeal at the time of the *Ryan* decision on December 16, 1993, the Court further held that the issue of proof of defendant's knowledge as to both possession and weight of the controlled substance must be fully preserved for appellate review (*see, People v Hill*, 85 NY2d 256). In *People v Gray* (86 NY2d 10), the Court of Appeals again emphasized that this issue must be fully preserved by a defendant (*see, People v Harrell*, 86 NY2d 806).

In the instant case there was no such preservation and the record discloses that at the time of the plea allocution defendant answered in the affirmative when asked by County Court if he knowingly and unlawfully possessed one or more preparations, compounds, mixtures or substances of an aggregate weight of two ounces or more containing a narcotic drug. In addition, as part of the plea bargain defendant waived his right to appeal and has not moved to vacate the plea. Although a guilty plea does not preclude the right to raise certain jurisdictional or constitutional defects, it generally removes the issue of factual guilt from the case where the claim relates to the factual elements of the crime charged (*see, People v Taylor*, 65 NY2d 1). In the instant case, as in *People v Ryan* (*supra*), where a question of statutory interpretation is involved, by pleading to a lesser crime defendant determined that he would not litigate the question of guilt and surrendered certain rights, including the right to challenge the factual basis for the plea, even in a postconviction motion (*see, People v Hereida*, 187 AD2d 272, *lv denied* 81 NY2d 841; *People v Hadden*, 158 AD2d 856; *People v Armer*, 119 AD2d 930). Further, where the purported failure to require defendant to allocute all the elements of the crime appears on the record, the sufficiency of the plea allocution can be reviewed only by direct appeal and cannot be attacked in a CPL 440.10 proceeding and used as a substitute for direct appeal (*see, People v Cooks*, 67 NY2d 100).

Thus, this plea should not be subjected to collateral attack and we affirm the order of County Court denying defendant's CPL 440.10 motion.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed.