■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LONGSHORE, Appellant. [636 NYS2d 425] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 22, 1994, convicting

defendant upon his plea of guilty of the crimes of criminal sale of marihuana in the fourth degree and growing a plant known as cannabis by unlicensed persons.

In August 1993, a Grand Jury returned an indictment charging defendant with two counts of criminal sale of marihuana in the fourth degree for allegedly selling marihuana pursuant to controlled buys at defendant's residence by confidential police informants on May 13, 1993 and May 17, 1993. Defendant was also charged with criminal possession of marihuana in the second degree and growing a plant known as cannabis by unlicensed persons resulting from evidence seized by law enforcement personnel at defendant's home pursuant to a search warrant on May 18, 1993. Approximately 19 items were seized as a result of this search consisting of bags of marihuana, numerous marihuana plants and seeds, drug paraphernalia, and books and equipment used in the growing of marihuana. Defendant ultimately pleaded guilty to criminal sale of marihuana in the fourth degree and unlicensed growing of cannabis in full satisfaction of the indictment. Defendant appeals.

Initially, we reject defendant's claim that he was denied the effective assistance of counsel by reason of defense counsel's failure to move to suppress the items seized pursuant to the warrant (*see, People v Monroe*, 206 AD2d 563). The fact that defense counsel did not request a suppression hearing "does not, by itself, establish ineffective assistance of counsel" (*People v Pray*, 199 AD2d 646, 647, *lv denied* 83 NY2d 809). Defense counsel negotiated an advantageous plea bargain to two misdemeanor counts (*see, People v Hayes*, 194 AD2d 998) and, on this record, defendant does not demonstrate the " 'absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing ' " (*People v Pray, supra*, at 647, quoting *People v Rivera*, 71 NY2d 705, 709).

Furthermore, our review indicates that defendant's challenges to the sufficiency of the search warrant application are without merit. We find no reason to criticize defense counsel for failing to pursue a potentially futile endeavor (*see, People v Monroe, supra*, at 563; *People v Pray, supra*, at 647). The description of the location of defendant's residence contained in the warrant application is quite specific and identifiable under the circumstances (*see, People v Guerrero*, 181 AD2d 1030). Although defendant contends that the description improperly locates his residence on the northeast corner of an intersection when it is allegedly located on the southeast corner, the People do not concede that claim. In any event, even if defendant is

correct, we find this error to be insufficient to invalidate the warrant. The officer who filled out the application and accompanied the police to the premises to execute the warrant was familiar with the residence since he had supervised the controlled buys at that location (*see, supra*). Therefore, contrary to defendant's contention, there was no reasonable probability that the wrong premises would be searched.

Defendant's remaining arguments that certain objects seized from his residence exceeded the scope of the search warrant and that he was acting as the agent of the informant-buyer have been examined and also found to be unpersuasive.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.