■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE REID, Appellant. [637 NYS2d 237] —Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered February 7, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was apprehended while driving his car in the City of Schenectady, Schenectady County. A police search of his vehicle disclosed drugs and weapons stored in the trunk. Defendant was indicted on charges of criminal possession of a controlled substance in the first and third degrees, third degree criminal possession of a weapon and third degree aggravated unlicensed operation of a motor vehicle. Defense counsel subsequently made a motion for, *inter alia*, a probable cause hearing leading to dismissal of the indictment based on the alleged illegal actions of the police in stopping defendant and searching his car. County Court granted the request for a probable cause hearing, but before the hearing could be held, defendant pleaded guilty to second degree criminal possession of a controlled substance in full satisfaction of the four-count indictment. Defendant was sentenced to a term of incarceration of seven years to life. Defendant appeals.

It is defendant's contention that County Court should have issued an order dismissing the indictment against him on the ground that the police lacked probable cause to stop him and to search his car, having initially stopped defendant under the mistaken belief that he was an individual for whom they had an outstanding arrest warrant. It is apparent, however, that by entering a guilty plea prior to the probable cause hearing, defendant waived his right to raise this issue on appeal (*see, People v Prescott*, 66 NY2d 216, 218, *cert denied* 475 US 1150; *People v Zeoli*, 212 AD2d 935, *lv denied* 85 NY2d 916; *People v Gerber*, 182 AD2d 252, 259-261, *lv denied* 80 NY2d 1026).

We also reject defendant's contention that he received ineffective assistance of counsel. Our review of the record discloses that defense counsel was present with defendant and provided him with competent legal representation throughout all stages of the proceedings, including negotiating a favorable plea bargain on his behalf (*see, People v Strempack*, 134 AD2d 799, 800, *affd* 71 NY2d 1015; *see also, People v Noble*, 209 AD2d 735, 736, *lv denied* 84 NY2d 1036). We conclude that defendant's right to effective assistance of counsel was fully satisfied (*see, People v Pray*, 199 AD2d 646-647, *lv denied* 83 NY2d 809).

Finally, we are not persuaded by defendant's contention that his sentence was harsh and excessive. The sentence, which was the product of defendant's plea bargain, fell within the statutory guidelines and under the circumstances presented here, cannot be said to constitute an abuse of discretion on the part of County Court (*see, People v Pray, supra*, at 647).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.