THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK V. MORELLI, Appellant. [644 NYS2d 574] —Mercure, J. P.

In August 1993, defendant was indicted on two counts of assault in the first degree and one count of arson in the third degree. The charges arose out of defendant's attack on an apparent romantic rival. Because the victim was a volunteer firefighter, defendant set fire to a car to lure the victim out of his residence. Upon the victim's return home, defendant assaulted him with a metal pipe, inflicting multiple injuries including a fractured kneecap. Defendant subsequently confessed to both the arson and the assault.

A plea-bargaining agreement resulted in defendant's pleading guilty to one count of assault in the first degree. A prison sentence of 2 to 6 years was agreed upon. Prior to sentencing, however, defendant made a motion to withdraw his guilty plea. County Court denied the motion and rendered a judgment, convicting defendant of the crime of assault in the first degree and sentencing him to 2 to 6 years' imprisonment. Defendant appeals.

Defendant contends that he should have been permitted to withdraw his guilty plea on the ground that it was the product of mutual mistake, i.e., both sides mistakenly believed that the motor vehicle was in working order at the time defendant set fire to it. Instead, defendant maintains that the vehicle was inoperable and was simply maintained as a source of parts. This contention lacks merit. A defendant who accepts a plea bargain forfeits the right to challenge the factual basis for the

---

plea and is, accordingly, precluded from subsequently challenging the merits of charges which were dismissed in the course of plea-bargaining negotiations (see, People v Pelchat, 62 NY2d 97, 108; People v Hill, 220 AD2d 905; People v Gray, 190 AD2d 918, lv denied 81 NY2d 1073).

We also reject defendant's contention that he did not receive effective assistance of counsel. We find no evidence of ineffective assistance of counsel on the record before us. Defendant's counsel made various pretrial motions and discovery demands and actively participated in a Huntley hearing in an attempt to suppress defendant's confession. Defense counsel thereafter successfully negotiated a plea bargain that resulted in a sentence that was considerably less severe than the sentence that defendant could have received had the action gone to trial. We conclude that defendant's right to effective assistance of counsel was satisfied (see, People v Reid, 224 AD2d 728; People v Pray, 199 AD2d 646, 647, lv denied 83 NY2d 809).

We have examined defendant's remaining contentions, including the one addressed to the sentence imposed by County Court, and find them to be without merit.

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.