■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. VECCHIO, Appellant. [644 NYS2d 352] —Casey, J. ■

Defendant contends that he was denied the effective assistance of counsel. We note that defendant moved for postconviction relief pursuant to CPL 440.10, claiming ineffective assistance of trial counsel. Defendant's arguments on appeal are directed at least in part at County Court's denial of his motion without a hearing. It does not appear, however, that defendant sought permission to appeal (*see*, CPL 450.15 [1]); nor does it appear that County Court's denial of the motion was reduced to a written order. Nevertheless, we will consider defendant's arguments in the interest of justice and judicial economy.

According to defendant, he was denied effective assistance of counsel because trial counsel failed to move to suppress evidence obtained by an eavesdropping warrant. That trial counsel "failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709), but "[w]here a single, substantial error by counsel so seriously compromises a defendant's right to a fair trial, it will qualify as ineffective representation" (*People v Hobot*, 84 NY2d 1021, 1022). We conclude that defendant failed to meet "the well-settled, high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*supra*, at 1022).

Although defendant describes his suppression claim as "colorable", he refers only to a codefendant's motion to suppress the evidence. Before the motion could be decided,

however, the codefendant withdrew the motion and entered a guilty plea. On this appeal, defendant advances no argument which would warrant suppression of the evidence. Instead, defendant asserts that the question of whether a suppression motion has any merit is irrelevant because the critical nature of the seizure and the inculpatory evidence which flowed therefrom clearly required that it be challenged. We disagree, for counsel should not be criticized for failing to pursue a potentially futile endeavor (*see, People v Longshore*, 222 AD2d 941, 942; *see also, People v Allen*, 193 AD2d 609, 610, *lv denied* 82 NY2d 713).

In any event, defendant failed to demonstrate the absence of any strategic or other legitimate explanation for trial counsel's failure to seek suppression, which is necessary to rebut the presumption that counsel acted in a competent manner and exercised professional judgment in not seeking suppression (*see, People v Rivera, supra*, at 709). The record discloses that after consulting with defendant regarding suppression, counsel proceeded to trial with a strategy which effectively conceded the gambling activity disclosed by the People's evidence, but sought to demonstrate that defendant's involvement was that of a "player" or "bettor" and not a bookmaker or gambler who promoted large gambling operations. That the strategy failed or that in hindsight a different strategy would have been better is insufficient to establish ineffective assistance (*see, People v Baldi*, 54 NY2d 137, 146-147). Trial counsel vigorously pursued the defense which, when assessed in context and as of the time of the representation, was reasonable in the circumstances (*see, People v Garcia*, 75 NY2d 973). We also conclude that defendant's allegations were insufficient to require a hearing on his CPL 440.10 motion (*see, People v Crippen*, 196 AD2d 548, 549, *lv denied* 82 NY2d 848).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Fulton County for further proceedings pursuant to CPL 460.50 (5).