■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEIM WRIGHT, Appellant. [649 NYS2d 352] —White, J. Appeal from a judgment of the County Court of Schenectady County (Bender, J.), rendered October 3, 1994, convicting defendant

upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts).

As the result of an undercover police investigation, defendant was charged in a 12-count indictment with various drug-related crimes. In full satisfaction of the indictment, defendant pleaded guilty to four counts of criminal sale of a controlled substance in the third degree and four counts of criminal possession of a controlled substance in the third degree. He was sentenced to concurrent prison terms of 4 to 12 years on each count. On appeal, defendant contends that (1) insufficient evidence was adduced at the *Wade* hearing to establish that the identification procedures were not tainted, (2) the possessory counts of the indictment should have been merged with the sales counts, (3) trial counsel was ineffective, and (4) the sentence imposed was harsh and excessive.

Initially, the plea minutes disclose that County Court fully apprised defendant of the ramifications of his guilty plea, including the fact that it encompassed a waiver of his right to appeal his conviction. Defendant fully understood the court's admonitions and entered a knowing, voluntary and intelligent plea of guilty to the subject crimes. The plea was entered prior to County Court rendering a decision in the *Wade* hearing. In view of this, as well as the fact that defendant neither moved to withdraw his plea nor vacate the judgment of conviction, we find that he has failed to preserve the identification issue and the merger issue for our review (*see, People v Patterson*, 208 AD2d 987; *People v Brown*, 156 AD2d 204; *People v Quackenbush*, 98 AD2d 875).

As to defendant's claim that trial counsel was ineffective, we find on the record before us that trial counsel provided defendant competent and meaningful representation, including securing him a favorable plea bargain. Therefore, we find this claim to be without merit (*see, People v Santiago*, 227 AD2d 657; *People v Reid*, 224 AD2d 728; *People v Rodriquez*, 221 AD2d 820, *lv denied* 87 NY2d 924). Finally, we find that the sentence imposed, which was less than that agreed to by the prosecution in the original plea bargain, was neither harsh nor excessive given the gravity of the crimes and defendant's prior drug-related activities.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.