(December 17, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMAS, Appellant. [683 NYS2d 305] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered May 1, 1997, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

In July 1996, defendant was the subject of a criminal indictment charging him with two counts of the crime of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. He subsequently pleaded guilty to a single count of criminal possession of a weapon in the third degree in full satisfaction of the indictment and all other charges pending against him in Albany County. Defendant waived his right to appeal from the judgment of conviction in exchange for which he was sentenced as a second violent felony offender to a determinate prison term of five years. Defendant made a motion to withdraw his guilty plea at the sentencing hearing, contending that he did not know at the time it was entered that possession of an unloaded firearm does not constitute the crime of criminal possession of a weapon in the third degree under Penal Law § 265.02 (4). Defendant contends that County Court should have held a hearing before denying his motion to withdraw his plea.

We disagree. The minutes of the plea allocution disclose that defendant was informed that he was pleading guilty to a crime one of whose elements was the possession of a *loaded* firearm. Defendant then admitted before County Court that he had illegally possessed a loaded firearm, as charged. A defendant who accepts a plea bargain surrenders the right to make a subsequent challenge to the factual basis for the plea (*see, People v Morelli*, 228 AD2d 818, *lv denied* 88 NY2d 990). We conclude that County Court did not abuse its discretion by denying defendant's motion to subsequently withdraw his guilty plea without a hearing.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.