■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES HUFF, Respondent. [683 NYS2d 352] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 23, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

On November 13, 1996, a tip from a confidential informant led to the police surveillance of defendant's parked car from which defendant was observed engaging in the sale of drugs. Defendant was subsequently arrested and his car was searched, resulting in the seizure of a quantity of marihuana, crack cocaine and a handgun. In January 1997, defendant was indicted on two counts of the crime of criminal possession of a weapon in the third degree. A *Darden* hearing was held in June 1997, at which the reliability of both the informant and his information were examined. Thereafter, pursuant to a plea agreement, defendant pleaded guilty to the first count of the indictment, that of criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (1), a class D felony, and was sentenced, as agreed, as a second violent felony offender to a definite term of three years in prison.

It subsequently came to light, as a result of a *pro se* motion by defendant, that this sentence was invalid, in that the crime

to which defendant had pleaded guilty was not a violent felony offense and yet it had been used as the basis for the imposition of defendant's sentence as a second violent felony offender (*see,* Penal Law § 70.02). As a result, defendant's conviction and sentence were vacated, he entered a guilty plea to the second count of the indictment, criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (4), a class D violent felony offense (*see,* Penal Law § 70.02), and was resentenced pursuant to the original plea bargain to a prison term of three years.

Defendant appeals, contending that there was no probable cause to justify the search and seizure of his motor vehicle which resulted in the discovery of the handgun. Notably, by pleading guilty before a suppression hearing was held, defendant forfeited his right to appellate review of this issue, having "precluded the making of a record" regarding the admissibility of the People's evidence for this Court to review (*People v Fernandez,* 67 NY2d 686, 688; *see, People v Reid,* 224 AD2d 728).

Defendant's attempt to litigate the issue of probable cause solely on the limited evidence adduced at the *Darden* hearing (*see, People v Darden,* 34 NY2d 177) is without merit. The narrow *Darden* inquiry in this case cannot be considered the functional equivalent of a full suppression hearing.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.