(June 13, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. CLIFFORD, Appellant. [743 NYS2d 319] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered September 9, 1999, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In satisfaction of all possible charges arising out of his sexual

contact with his young daughters, defendant waived indictment and entered a plea of guilty to a single charge of sexual abuse in the first degree and, as part of such plea, waived the right to appeal. Defendant thereafter was sentenced to the promised prison term of 3½ to 7 years. Defendant now appeals, claiming that he was denied the effective assistance of counsel and that the sentence is excessive.

To the extent that defendant's ineffective assistance of counsel claim impacted the voluntariness of his plea, the claim survived his waiver of the right to appeal. Such claim, however, ordinarily must be preserved by a motion to withdraw the plea or vacate the judgment (*see, People v Johnson*, 288 AD2d 501, 502). No such motion was made here, and the record contains nothing that would warrant an exception to the preservation doctrine (*see, People v Jones*, 289 AD2d 871). Accordingly, defendant's ineffective assistance of counsel claim is not properly before us. Were we to reach this issue in the interest of justice, we would find it to be lacking in merit.

The sole basis for the ineffective assistance of counsel claim is the absence of a motion to suppress defendant's statements. The transcript of the plea allocution demonstrates, however, that after County Court carefully explained to defendant his right to seek suppression of the statements, defendant acknowledged that he would be giving up that right as a result of his guilty plea. Accordingly, defense counsel's failure to move to suppress the statements clearly had no impact upon the knowing and voluntary nature of defendant's plea.

In any event, defense counsel's decision not to request a suppression hearing does not, standing alone, demonstrate ineffective assistance of counsel (*see, People v Longshore*, 222 AD2d 941, 942, *lv denied* 88 NY2d 850), particularly in the absence of a complete record containing all of the facts relevant to counsel's decision in this regard (*see, People v Rivera*, 71 NY2d 705, 709). Defendant's ineffective assistance of counsel claim is based upon the assumption that a suppression motion would have been granted, but there is no record evidence to support such a conclusion. In fact, defendant has not advanced any arguable basis for suppression, which is fatal to his ineffective assistance of counsel claim (*see, People v Vecchio*, 228 AD2d 820, 821).

Defendant's remaining claim regarding the severity of the sentence was encompassed by his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733). In any event, the record reveals neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances that would warrant a modification of the sentence in the interest of justice.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.