■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY L. MURRAY, Appellant. [776 NYS2d 368]—

Kane, J. Appeals (1) from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 25, 2000, convicting defendant following a nonjury trial of the crime of driving while intoxicated, and (2) from a judgment of said court, rendered September 11, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

A homeowner saw a truck pull into his driveway, back out into a field and stop after hitting a tree stump. He then saw a tall white male with black hair wearing a black T-shirt exit the driver's side door, scuffle with the male passenger, then leave the scene. When the police arrived, the passengers indicated that they did not know the driver's name. The officer ascertained that the truck was registered to defendant and found a bottle of vodka under the seat. After broadcasting a description of the driver given by the homeowner, the officer patrolled the area. One hour later, the officer observed defendant walking in the direction noted by the homeowner and received a positive response when he called defendant's first name. After approaching defendant and observing indications of intoxication, the officer arrested defendant and advised him of his *Miranda* rights and driving while intoxicated warnings. Although defendant did not specifically indicate that he was willing to talk to the officer, he continued talking, denied driving, stated that the police could

not prove he was driving, refused to submit to a breathalyzer test, and stated that his passengers could corroborate that he was not driving.

Defendant was indicted on one count of felony driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [3]). The parties entered into a stipulation in lieu of motions, whereby a suppression hearing would be held to determine whether defendant's statements were voluntarily obtained. No suppression hearing was conducted. After a bench trial, County Court found defendant guilty and sentenced him to five years' probation. After he violated the terms of probation, the court revoked probation and sentenced him to imprisonment. Defendant appeals his judgment of conviction and the judgment revoking his probation.*

Defendant waived his right to a pretrial suppression hearing. Although CPL 710.40 (3) requires the court to render a determination of a suppression motion before commencement of trial, defendant waived objection to this irregularity of procedure by proceeding to trial without a hearing and failing to object at trial to the admission of defendant's statements (*see* CPL 470.05 [2]; *People v Olds*, 269 AD2d 849, 849 [2000]; *People v Melendez*, 141 AD2d 860, 861 [1988], *lv denied* 73 NY2d 788 [1988]). By waiving the hearing, defendant failed to preserve the merits of the suppression claims for our review.

We reject defendant's contention that he received ineffective assistance of counsel. Regarding defendant's argument that counsel was ineffective for failing to demand a probable cause hearing, "counsel should not be criticized for failing to pursue a potentially futile endeavor" (*People v Vecchio*, 228 AD2d 820, 821 [1996]). Based on the evidence adduced at trial, we find that a probable cause hearing would have been unsuccessful. The passengers in the truck indicated that a third person was driving, the truck was registered to defendant, a bottle of vodka was found in the truck, and the homeowner gave a description of the driver. When the officer encountered defendant, who fit that description, walking in the direction that the homeowner saw the driver go within an hour after the accident, the officer certainly had reason to approach defendant and call him by name (*see People v Hollman*, 79 NY2d 181, 184 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]). After noting defendant's intoxicated condition and his acknowledgment that he was in the accident, the officer had probable cause to arrest defendant (*see People v Hollman, supra* at 184). As the hearing would have

---

\* Although defendant filed a notice of appeal from the judgment revoking his probation, he abandoned that appeal by failing to address it in his brief.

been futile, counsel was not ineffective for failing to pursue it (*see People v Vecchio, supra* at 821).

The record also established that a hearing on defendant's motion to exclude his statements based on an alleged *Miranda* violation would have been futile. Defendant's basis for this motion was that he was too intoxicated to understand and knowingly waive his rights. The evidence established that he was not "intoxicated to the degree of mania, or of being unable to understand the meaning of his statements," which is required to preclude his statements (*see People v Schompert*, 19 NY2d 300, 305 [1967]). Defendant meaningfully responded to the officer's questions, denied driving, could walk and refused to submit to a breathalyzer test.

Finally, to establish ineffective assistance, defendant was required to demonstrate a lack of strategic or tactical basis for counsel's failure to proceed with the suppression hearing (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Vecchio, supra* at 821). Defendant merely makes the broad assertion that there was no legitimate basis for counsel's action. This was insufficient to meet his burden. Contrary to defendant's assertion, the record reveals a trial strategy that more than adequately explains counsel's concession that the *Miranda* and driving while intoxicated warnings were properly administered and that defendant's statements be admitted. The primary issue at trial was whether defendant was the driver of the vehicle involved in the accident. Counsel could reasonably have determined to allow defendant's statements, mainly denying that he was the driver, into evidence in support of his strategy that the truck's other male occupant was the driver. In fact, that individual testified to that effect at trial, although County Court apparently found him not credible. Counsel was not ineffective for following a valid strategy that was ultimately unsuccessful (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgments are affirmed.