■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK J. HEINIG, Appellant. (Appeal No. 1.) [801 NYS2d 670]—Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered September 30, 2003. The judgment revoked defendant's probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment, entered upon his admission of a violation of probation, revoking the term of probation imposed upon his conviction of welfare fraud in the third degree (Penal Law § 158.15) and sentencing him to a term of incarceration. In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). The record establishes that defendant validly waived his right to appeal with respect to both judgments (*see People v Williams*, 15 AD3d 863 [2005]). That waiver encompasses his challenge to the factual sufficiency of the plea allocution with respect to criminal possession of a controlled substance (*see People v Turner*, 16 AD3d 1150 [2005]; *People v Chrispen*, 306 AD2d 916 [2003], *lv denied* 100 NY2d 619 [2003]) and his contention that County Court exhibited bias against him in suggesting an amendment to the violation of probation petition (*see People v McCafferty*, 1 AD3d 799 [2003], *lv denied* 2 NY3d 743 [2004]). By pleading guilty, defendant forfeited his contentions with respect to the alleged insufficiency of the evidence of his guilt (*see People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Hill*, 220 AD2d 905, 906 [1995]) and the alleged violation of his due process rights based on the People's failure to disclose exculpatory evidence (*see People v Day*, 150 AD2d 595, 600 [1989], *lv denied* 74 NY2d 807 [1989]). Although defendant's jurisdictional challenge to the superior court information in appeal No. 2 survives both the waiver of the right to appeal and the guilty plea (*see People v Sayles*, 292 AD2d 641, 643 [2002], *lv denied* 98 NY2d 681 [2002]; *see also People v Kohl*, 19 AD3d 1155 [2005]), the record fails to support that jurisdictional challenge (*see People v Hunt*, 5 AD3d 1021, 1022 [2004]; *People v Chad S.,* 237 AD2d 986 [1997], *lv denied* 90 NY2d 856 [1997]). The record also fails to support defendant's contention that the plea agreement was not honored. We reject the contention of defendant that defense counsel's failure to

inquire into the weight of the cocaine seized from him or to seek suppression of the cocaine constitutes ineffective assistance of counsel (*see People v Strempack*, 71 NY2d 1015, 1016 [1988]). We have examined defendant's remaining contentions, including those raised in the pro se supplemental brief, and conclude that none requires reversal. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.