■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERASMO PEREA, Appellant. [812 NYS2d 673]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 10, 2004, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

While confined in Elmira Correctional Facility in Chemung County, defendant was found to be in possession of a five-inch sharpened plexiglass shank and was thereafter indicted for the crime of promoting prison contraband in the first degree. At trial, the People established that defendant was acting nervous and suspicious as he sat in a telephone booth in a recreation area of the facility. Specifically, a correction officer on rounds in the area observed defendant peeking out of the booth as if he were hiding from someone or something. This furtive behavior prompted the correction officer to bring defendant to a nearby office where he conducted a pat frisk in front of two other correction officers and a correction sergeant. The pat frisk disclosed

the shank secreted in his clothing.[1] Found guilty as charged following a jury trial, defendant appeals. We affirm.

Defendant first claims that he received ineffective assistance of counsel at trial because, among other transgressions, his attorney failed to move to suppress the shank, delivered incoherent opening and closing statements, was unprepared and conducted perfunctory cross-examinations. Our review of the trial record reveals neither unpreparedness, perfunctory tactics, nor incoherent opening and closing statements on the part of counsel. To the extent that his attorney failed to request a *Huntley* hearing to suppress the shank, we note first that the failure to request a particular hearing, without more, does not constitute ineffective assistance (*see People v Rivera,* 71 NY2d 705, 709 [1988]). Moreover, the correction officer who conducted the pat frisk testified that it was precipitated by defendant's nervous and suspicious behavior in the telephone booth that day.[2] As there does not appear to be any colorable basis for suppression of the shank, which would explain trial counsel's failure to make such a motion, defendant's ineffective assistance of counsel claim on this ground must fail (*see id.; People v Clifford,* 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]). In short, we are satisfied that defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]).

Similarly unavailing is defendant's contention that he was sentenced without the benefit of an adequate presentence report. With respect to defendant's specific claim that the presentence report does not include a statement by him, we note that defendant failed to raise this objection before County Court and has thus waived the right to raise it on appeal (*see People v Davila,* 238 AD2d 625, 626 [1997]; *see also People v Harrington,* 3 AD3d 737, 739 [2004]). To this end, we note that defendant failed to avail himself of the opportunity to complete a presentence statement questionnaire given to him by County Court upon his conviction. In any event, there is no statutory requirement that a presentence report include a defendant's statement (*see People v Davila, supra; see also* CPL 390.30).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

1. Defendant testified on his own behalf at trial and disputed this version of events. He denied that anything was found on him when the pat frisk was conducted and denied ever possessing the shank at all. The jury obviously credited the People's proof on this disputed point.

2. Defendant concedes that pat frisks are generally permissible within the prison system but argues that he was unjustifiably singled out for such a search in this case.