Rose, J.P.
(concurring in part and dissenting in part). While I agree that the verdict was not contrary to the weight of the evidence, I cannot agree that defendant was denied the effective *1383 assistance of counsel. As acknowledged by the majority, failure “to make a particular pretrial motion generally does not, by itself, establish ineffective assistance” (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Perea, 27 AD3d 960, 961 [2006]; People v Longshore, 222 AD2d 941, 942 [1995], lv denied 88 NY2d 850 [1996]). Nor is this, in my view, that “rare case” where a single error of counsel results in the deprivation of the right to the effective assistance of counsel (People v Turner, 5 NY3d 476, 478 [2005]). Even accepting that there is at least a colorable basis upon which a motion to suppress could have been made, “[t]here can be no denial of effective assistance of trial counsel arising from counsel’s failure to ‘make a motion or argument that has little or no chance of success’ ” (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004]). The video recording of defendant’s interview with the State Police effectively establishes that there is no basis to suppress defendant’s statements (see People v Hoffler, 74 AD3d 1632,1636 [2010], lv denied 17 NY3d 859 [2011]; People v Perea, 27 AD3d at 961; People v Clifford, 295 AD2d 697, 698 [2002], lv denied 98 NY2d 709 [2002]; People v Vecchio, 228 AD2d 820, 820-821 [1996]). “[C]ounsel should not be criticized for failing to pursue a potentially futile endeavor” (People v Vecchio, 228 AD2d at 821).
Furthermore, while defendant’s statement was no doubt a crucial piece of evidence, it was not the sole basis for the People’s case against her. The People also relied on the circumstantial evidence that tended to establish defendant’s knowledge and participation in the plan to kill both victims in order to steal Vicodin pills. The record also reveals that counsel was otherwise prepared, presented a plausible defense and meaningfully participated in the trial by giving cogent opening and closing statements, cross-examining key witnesses and raising appropriate objections (see e.g. People v McRobbie, 97 AD3d 970, 972 [2012]; People v Jones, 77 AD3d 1170, 1173 [2010], lv denied 16 NY3d 896 [2011]). Accordingly, I would affirm the judgment. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial.