■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERALD JOHNSON, Appellant. [962 NYS2d 459]—

Lahtinen, J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered June 9, 2010, which denied defendant's motion pursuant to CPL article 440 to, among other things, vacate the judgment convicting him of the crimes of criminal possession of a controlled substance in

---

the third degree and criminal sale of a controlled substance in the third degree, without a hearing.

After cocaine was discovered in late February 2009 in a residence shared by defendant and his girlfriend, they were both charged in a multicount indictment in March 2009, which included a top count of criminal possession of a controlled substance in the third degree alleging that the seized cocaine weighed 16 grams.* Defendant was later charged in a separate indictment in May 2009 with two counts of criminal sale of a controlled substance in the third degree regarding alleged sales of cocaine in October 2008 and February 2009. The indictments were consolidated for trial and, in July 2009, defendant pleaded guilty to the first count from each indictment and was sentenced to concurrent prison terms of 6½ years followed by three years of postrelease supervision. Evidence at his girlfriend's trial (which reportedly resulted in her acquittal) revealed that the cocaine seized at their residence actually weighed only 11.18 grams. Defendant moved pursuant to CPL article 440 to vacate his judgment of conviction alleging, among other things, that he had not received the effective assistance of counsel in that he agreed to the plea only after his counsel had affirmatively represented to him that he had independently verified through testing that the weight of the cocaine was 16 grams when, in fact, no such independent test was ever conducted. County Court denied defendant's motion without a hearing and he now appeals.

Although defendant waived his right to appeal as part of the plea, he contends that ineffective assistance of counsel impacted the voluntariness of his plea and, as such, the issue survives his waiver (*see People v Speranza,* 96 AD3d 1164, 1165 [2012]). In his affidavit, defendant states that, upon retaining counsel, he made it clear to counsel from the outset that he believed that the 16 grams alleged by the People was inaccurate and that the amount was smaller. Defendant relates that counsel advised him that he would obtain an independent assessment of the quantity of cocaine. He further avers that counsel later told him that an independent test was conducted which confirmed the weight as 16 grams, and this information was relied upon by defendant in his decision to accept the plea. At the commencement of the plea, defendant's counsel stated on the record that there had been "some questions" about the quantity of cocaine

---

* The indictment charged the crime under Penal Law § 220.16 (1), but, upon the Assistant District Attorney's representation that the subdivision was a typographical error, it was changed without objection to Penal Law § 220.16 (12).

and that he had indicated to defendant that he "had independently confirmed that it was more than one-half ounce of cocaine." This adds credence to defendant's contention. It is undisputed that the testing of the cocaine for his girlfriend's trial revealed a quantity under one-half ounce and, thus, inadequate to establish a violation of Penal Law § 220.16 (12).

While failing to independently verify the weight of drugs does not necessarily constitute ineffective assistance (*see People v Heinig*, 21 AD3d 1297, 1297-1298 [2005], *lv denied* 6 NY3d 813 [2006]), this record contains sufficient factual issues as to whether defendant was affirmatively given incorrect information by his counsel on an issue assertedly important in his decision to accept the plea and, as such, a hearing is required on his claim of ineffective assistance of counsel (*see People v Mattison*, 182 AD2d 917, 919 [1992], *lv denied* 80 NY2d 896 [1992]; *see generally People v Davey*, 91 AD3d 1033, 1033-1034 [2012]). Defendant's further arguments that there was prosecutorial misconduct in negotiating the plea and that there was error in his sentencing have been considered and found without merit.

Peters, P.J., Stein and Spain, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.

