# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

296

KA 11-01643

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

RICHARD A. SAID, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered March 1, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his pleas of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]; [c]). We conclude with respect to each appeal that defendant's waiver of the right to appeal is invalid because the brief inquiry made by Supreme Court was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767; *see People v Allen*, 64 AD3d 1190, 1191, *lv denied* 13 NY3d 794). Also with respect to each appeal, we reject the contention of defendant that the court erred in denying his motion to withdraw the guilty plea. The determination whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the court (*see People v Cantu*, 202 AD2d 1033, 1033), and here there was no abuse of discretion.

With respect to appeal No. 2, although defendant's jurisdictional challenge to the superior court information (SCI) survives the plea and would in any event have survived a valid waiver of the right to appeal (*see People v Heinig*, 21 AD3d 1297, 1297, *lv denied* 6 NY3d 813), we nevertheless reject that challenge. According to defendant, the SCI is jurisdictionally defective because he was not arraigned on the felony complaint charging criminal contempt in the first degree.

The record, however, establishes that the court sat as a local criminal court for arraignment purposes and arraigned defendant on the felony complaint.

We reject defendant's challenge to the severity of the sentence in each appeal.  Defendant's further contention that the court erred in setting a 15-year duration for the order of protection issued in connection with both judgments is not preserved for our review (*see People v Nieves*, 2 NY3d 310, 315-317), and is without merit in any event (*see* CPL 530.12 [former (5) (A) (ii)]).  Defendant also failed to preserve for our review his contention that the court failed to take into account jail time credit to which he is entitled in determining the duration of the order of protection (*see Nieves*, 2 NY3d at 315-317), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Jackson*, 81 AD3d 1320, 1321, *lv denied* 16 NY3d 896).

Entered:  April 26, 2013                  Frances E. Cafarell
                                          Clerk of the Court