■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON C. MEAD, Appellant. [603 NYS2d 925] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 1, 1991, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant has been convicted, by plea, of murder in the second degree and sentenced to an indeterminate prison term of 20 years to life. As a result of defendant's indictment, he was initially tried in Supreme Court. During that trial, the People sought to impeach a defense witness by inquiring into three unrelated murders in which the witness and defendant were allegedly implicated. Supreme Court granted defendant's motion for a mistrial ruling, *inter alia,* that to guard against a

recurrence in a retrial, the People would not be permitted to inquire of defendant or the witness about the three unrelated homicides. The case was subsequently assigned to County Court at which time the People made a motion *in limine* seeking a ruling that they be permitted to adduce rebuttal evidence of the three unrelated homicides in order to demonstrate defendant's intent pursuant to *People v Molineux* (168 NY 264), which motion was granted. Defendant thereafter pleaded guilty to one count of murder in the second degree in satisfaction of a five-count indictment. On this appeal, defendant argues that Supreme Court's ruling was binding on any retrial and that the subsequent ruling by County Court constituted reversible error. We disagree.

Initially, we note that the rulings of both trial courts were evidentiary in nature and, consequently, by pleading guilty defendant forfeited his right to challenge his conviction based upon the alleged error *(see, e.g., People v Campbell,* 73 NY2d 481, 486). In any event, where a prior ruling is based upon an evidentiary principle, it will ordinarily not be binding in a subsequent trial *(see, People v Nieves,* 67 NY2d 125, 136).

Defendant next contends that Supreme Court erred in denying his motion to suppress an inculpatory statement given by him to law enforcement authorities. He claims for the first time on appeal that at the time he gave the statement he was represented by counsel on unrelated charges in Indiana and, consequently, he could not waive his rights in the absence of counsel. Defendant's argument is predicated upon the principle established in *People v Bartolomeo* (53 NY2d 225), which has since been abandoned by the Court of Appeals *(see, People v Bing,* 76 NY2d 331). Moreover, even under *Bartolomeo,* defendant had the burden of showing that he was represented by counsel on the prior pending charges, which he failed to do *(see, People v Rosa,* 65 NY2d 380, 387). Accordingly, Supreme Court's ruling was in all respects proper.

Finally, we find no merit in defendant's contention that his sentence should be modified in the interest of justice.

Mikoll, J. P., Yesawich Jr. and Casey, JJ., concur. Ordered that the judgment is affirmed.