■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD E. BANKOWSKI, Appellant. [611 NYS2d 712] —White, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 19, 1992, convicting defendant upon his plea of guilty of, *inter alia,* the crimes of manslaughter in the second degree and driving while intoxicated.

The sole question raised on this appeal is whether defendant's sentence was unnecessarily harsh and excessive. From the record it appears that defendant was operating his motor vehicle in a northbound direction on US Route 4 in the Town

of Kingsbury, Washington County, at approximately 11:00 P.M. on November 8, 1991, a Friday evening. Defendant, who had two prior alcohol-related convictions, struck the rear of a car driven by John Torchetti, a 16-year-old high school student returning home from a football game, driving Torchetti into the path of an oncoming truck and thus causing his death.

Defendant was charged in a seven-count indictment with murder in the second degree, manslaughter in the second degree and additional counts of Vehicle and Traffic Law violations. Defendant moved to amend the first count of the indictment from murder in the second degree to manslaughter in the second degree, and thereupon pleaded guilty to the reduced charge of manslaughter in the second degree, as well as driving while intoxicated and operating an uninsured motor vehicle. At the time of the plea County Court specifically advised defendant that in all likelihood the harshest sentence of 5 to 15 years in prison would be imposed and defendant, who was at all times represented by an attorney, unequivocally waived his right to a jury trial and voluntarily made the agreed-upon plea. During the colloquy defendant admitted having numerous beers and some marihuana prior to the accident, and it was also noted by the District Attorney and confirmed by defense counsel that defendant's blood alcohol test showed a reading of .16%.

After receiving a probation report which found the proposed plea bargain agreement to be appropriate, County Court sentenced defendant as previously indicated.

It is well settled that the imposition of a sentence is within the sound discretion and judgment of the sentencing court and the exercise of this judgment by the court will not be interfered with except in the most extraordinary circumstances (*People v Ceijas*, 56 AD2d 970; *People v Valenti*, 56 AD2d 957). Based upon the facts set forth in the record, it appears that defendant was fully aware of the penalties contemplated by County Court, with the understanding that the harshest allowable sentence might be imposed. In view of the serious nature of the offense, defendant's prior conviction of driving while intoxicated and his intoxicated condition at the time of the incident in question, we find neither an abuse of discretion nor any extraordinary circumstances which would justify disturbing the sentence imposed by the court (*see, People v Kenny*, 175 AD2d 404, *lv denied* 78 NY2d 1012).

Cardona, P. J., Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.