■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER RODRIGUEZ, Appellant. [633 NYS2d 680] —White, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 28, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

When defendant was arraigned on a multicount indictment, his attorney advised County Court that English was defendant's second language and was not the language "in which he usually does business". In response to County Court's inquiry, defendant indicated he understood English and then proceeded to answer appropriately the other pro forma questions County Court asked him during the arraignment. Thereafter, in paragraph 73 of an omnibus motion, defendant's attorney applied for the appointment of an interpreter or an additional counsel fluent in Spanish because defendant did not speak English well enough for him to be able to fully and adequately represent him. County Court denied the application with leave to renew for good cause shown. The application was not renewed and thereafter defendant entered into a plea bargain,

ultimately pleading guilty to the crime of criminal possession of a controlled substance in the second degree for which he received a sentence of imprisonment of four years to life. This appeal ensued.

It is a well-established precept of due process that non-English speaking defendants in criminal actions are entitled to an interpreter so that they can meaningfully participate in the trial and assist in their own defense (*see, United States v Mosquera*, 816 F Supp 168, 173; *People v Ramos*, 26 NY2d 272, 274; *People v Robles*, 203 AD2d 172, 174, *revd on other grounds* 86 NY2d 763). In the instant case, although the better practice would have been for County Court to hold a hearing to evaluate defendant's ability to speak and understand English, a review of the entire record reveals a 29-year-old defendant who was born in Chicago, Illinois, attended school in the Bronx through age 13 and has lived in the Bronx or Manhattan for most of his life. Further, the record discloses a presentence investigation report in which the defendant provided, with no apparent language difficulty, a detailed account of the plea bargain, his participation in the offense in question, his finances, family background, education, employment and physical condition. Thus, based on the entire record, we find no merit to the defendant's contention that he was unable to speak and understand English.

Defendant challenges the sufficiency of his plea allocution. Defendant did not move to withdraw his plea or to vacate his judgment of conviction and, accordingly, this issue raised for the first time on this appeal was not preserved for appellate review (*see, People v Lopez*, 71 NY2d 662), and the record reveals no support for defendant's contention that his plea was not knowingly and voluntarily entered because of a lack of fluency in English (*see, People v Ferrer*, 158 AD2d 315).

Defendant's claim of ineffective assistance of counsel is also without merit. The record, viewed as a whole, reveals that defendant was represented in a competent and meaningful manner (*see, People v Satterfield*, 66 NY2d 796), and defendant has failed to demonstrate that he was deprived of a fair proceeding by less than meaningful representation (*see, People v Flores*, 84 NY2d 184, 187). Finally, defendant's sentence cannot be described as excessive considering that more than one pound of cocaine was involved. We find no abuse of discretion or extraordinary circumstances with defendant's sentencing and decline to disturb the sentence imposed by County Court (*see, People v Kenny*, 175 AD2d 404, 407, *lv denied* 78 NY2d 1012). We have reviewed defendant's remaining contentions and find them without merit.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.