(March 16, 2000)

■ The People of the State of New York, Respondent, v Wilson D. Serna, Appellant. [704 NYS2d 717] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 5, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant pleaded guilty to the crime of criminal possession of a controlled substance in the second degree in full satisfaction of a four-count indictment and thereafter was sentenced to an indeterminate term of $8^1/_3$ years to life in prison. Defendant now appeals contending that his guilty plea was not entered into knowingly, voluntarily and intelligently because he was not conversant with the English language. Alternatively, defendant contends that the sentence imposed was harsh and excessive.

Initially, we note that upon a prior appeal to this Court, we determined that despite defendant's failure to move to vacate the judgment or withdraw his guilty plea, the assignment of new counsel was warranted to address nonfrivolous appealable issues regarding the voluntariness of defendant's plea (see, People v Serna, 262 AD2d 673). Nevertheless, upon our review of the merits, we are unpersuaded that these issues require reversal as an exercise of our discretion in the interest of justice. A transcript of the plea proceedings reveals that defendant capably responded, in English, to the questions put to him, giving no indication that he was having difficulty understanding the proceedings such as would have alerted County Court to the need for an interpreter (see, People v Ramos, 26 NY2d 272, 275). Indeed, inasmuch as defendant stated on the record that he had conferred with his attorney, that he understood the ramifications of his plea and that he was entering his guilty plea freely and voluntarily, we find no basis for vacating the guilty plea (see, People v Espinal, 176 AD2d 417, 418). Finally, defendant's lack of criminal history notwithstanding, we see no reason to disturb the imposition of the agreed-upon sentence (see, People v O'Byrne, 262 AD2d 867, 868, lv denied 93 NY2d 1024).

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.