■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA ATKINS, Appellant. [706 NYS2d 347] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered June 8, 1999, revoking a sentence of probation previously imposed by the same court, upon her admission that she had violated a condition thereof, and imposing a sentence of imprisonment upon her previous conviction of criminal possession of a controlled substance in the fifth degree.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN AVILA, Also Known as JUAN GOMEZ, Appellant. [706 NYS2d 355] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 30, 1998, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and resisting arrest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his plea was not knowingly and intelligently entered because no interpreter was present at the plea proceedings is unpreserved for appellate review (*see, People v Pellegrino,* 60 NY2d 636). In any event, a review of the plea minutes reveals that the defendant fully understood his plea, and that it was knowingly, intelligently, and voluntarily entered (*see, People v Harris,* 61 NY2d 9). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, we find it to be without merit (*see, People v Hayes,* 186 AD2d 268). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.