(June 14, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER PAGAN, Appellant. [726 NYS2d 302] —Cardona, P. J.

Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered January 29, 1997 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant pleaded guilty to the crime of assault in the first degree in satisfaction of a five-count indictment accusing him and a codefendant of, *inter alia*, causing serious physical injury in the course of a robbery. Pursuant to the negotiated plea agreement, defendant waived his right to appeal. Supreme Court thereafter sentenced defendant to the agreed-upon prison term of 6½ to 13 years. Defendant, on this appeal, contends that his plea was not knowing and voluntary, that he was denied the effective assistance of counsel and the sentence is harsh and excessive.

We affirm. Initially, although defendant's waiver of the right to appeal does not in and of itself preclude appellate review of the voluntariness of his plea (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982), his failure to move either to withdraw the plea or to vacate the judgment of conviction generally precludes review of the sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665). The narrow exception to the preservation rule does not apply here inasmuch as defendant's factual recitation during the allocution did not cast significant doubt on his guilt by negating an essential element of the crime (*see, id.*, at 666; *People v Vonderchek*, 245 AD2d 979, 980, *lv denied* 91 NY2d 945). Furthermore, the transcript of the plea proceedings belies defendant's claim that his understanding of English was insufficient to permit him to enter a knowing and voluntary plea (*see, People v Avila*, 271 AD2d 541, *lv denied* 95 NY2d 853).

Next, to the extent that defendant's claims of ineffective assistance of counsel are preserved for our review, they are lacking in merit. Inasmuch as the record does not support defendant's claim regarding his inability to understand English, there is no basis for his claim that defense counsel should have requested an interpreter. The remainder of defendant's ineffective assistance of counsel claims are based on facts outside the record (*see, People v Gonzalez*, 206 AD2d 669).

Finally, defendant's harsh and excessive sentence contention is encompassed by his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733) and, in any event, lacks merit. Defendant, who was on probation when he committed the instant offense, was allowed to plead guilty to one of the least serious counts of the indictment and agreed to the sentence imposed, which is less than the harshest possible sentence. Accordingly, we find no reason to disturb the sentence imposed.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.