■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY A. BROOKS, Appellant. [728 NYS2d 242] —Peters, J. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered October 28, 1999, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

On August 27, 1997, defendant, having waived indictment, pleaded guilty to a superior court information charging him

with the crime of burglary in the third degree stemming from an incident in the Town of Lake Pleasant, Hamilton County. During the allocution, County Court acknowledged a negotiated agreement whereby defendant would accept a six-month jail term and five years' probation in return for the entry of his plea. The following colloquy took place:

"[County Court]: Do you understand that the Court is going to order a pre-sentence investigation report, and if that report comes back unfavorable * * * I reserve the right to withdraw any promised sentence and to permit you to withdraw your plea of guilty * * *?

"[Defendant]: Yes, sir."

When the court further advised that by pleading to a felony, he could be subjected to a longer sentence if he were found guilty of an additional felony, defendant's response triggered a clarification from the court that prior offenses could also effect sentencing. It was at that point that defendant advised that his "last offense was 1984" and entered a plea of guilty with a waiver of his right to appeal.

The presentence report, reviewed at sentencing, confirmed that defendant's last felony conviction was in 1984, yet it also detailed that he had been convicted of numerous misdemeanor convictions since that time. This history, coupled with the report's conclusion that defendant was unwilling to change or express remorse for his criminal behavior, led County Court to reject the agreed-upon sentence. It thereafter advised defendant that, although it intended to impose an indeterminate prison term of 1 to 3 years, defendant would first be given the opportunity, as promised, to withdraw his plea. Notwithstanding verbal protestations, defendant ultimately agreed to the sentence. Although the District Attorney acquiesced in the sentence mandated by County Court, he continued to press for the court's strong recommendation that defendant "be placed immediately in a drug rehabilitation program in the Department of [Correctional Services] and also [that he] be released on his eligibility date for any further inpatient treatment." County Court levied the proposed sentence and recommended that defendant receive substance abuse treatment.

On appeal, defendant asserts that he was entitled to specific performance of the plea agreement and County Court was bound to fulfill such promise. We disagree. Until the time of sentencing, a court will retain discretion in fixing an appropriate sentence (see, People v Schultz, 73 NY2d 757, 758). Where, as here, a defendant has not changed his position as a result of the court's refusal to adhere to the promise given, the defen-

dant will "be entitled to no more than the vacation of his plea * * * for the simple reason that vacating the plea restores him to the same position he was in before the plea was taken or agreed to" (*People v McConnell*, 49 NY2d 340, 347).

As the record discloses no prosecutorial misconduct of the type described in *People v Oakes* (252 AD2d 661), we affirm the judgment of conviction.

Mercure, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.