■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERWIN JOHNSON, Appellant. [747 NYS2d 400] —Mugglin, J.

In February 2001, defendant pleaded guilty to a one-count superior court information charging him with criminal possession of a controlled substance in the fifth degree. Pursuant to the plea agreement, defendant waived his right to appeal and the People recommended an indeterminate sentence of 1⅓ to 4 years in prison. Supreme Court accepted the People's recommendation and sentenced defendant accordingly. Defendant appeals, contending that his plea allocution was factually insufficient and that the sentence was harsh and excessive.

Because defendant did not move to withdraw his plea or vacate the judgment of conviction, his challenge to the factual sufficiency of his plea allocution is not preserved for our review (*see People v Greene*, 274 AD2d 842, 843, *lv denied* 95 NY2d 963; *People v Tyler*, 260 AD2d 796, 797, *lv denied* 93 NY2d 980). Inasmuch as nothing said during the colloquy cast significant doubt on defendant's guilt, the narrow exception to this preservation rule is not applicable (*see People v Lopez*, 71 NY2d 662, 666; *People v Kemp*, 288 AD2d 635, 636). In any event, we find no merit to defendant's contentions. While defendant now asserts that he never admitted possession of or control over the cocaine, our review of the record discloses that during the plea allocution, after being fully informed of his rights, defendant acknowledged that he had knowingly and unlawfully possessed cocaine weighing 500 milligrams or more on the specific date, time and place charged. Therefore, Supreme Court properly accepted his guilty plea.

Moreover, defendant's knowing, voluntary and intelligent waiver of his right to appeal forecloses his challenge to the severity of his sentence (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Allen*, 82 NY2d 761, 763), which was, in any event, validly imposed pursuant to defendant's plea agreement (*see People v Grant*, 294 AD2d 671, 672-673). Our review of the rec-

ord reveals no abuse of discretion by Supreme Court or any extraordinary circumstances that would warrant a modification in the interest of justice (*see People v Vazquez*, 284 AD2d 730, 730).

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.