■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO NIEVES, Appellant. [753 NYS2d 762] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 24, 2000, convicting defendant upon his plea of guilty of the crimes of manslaughter in the second degree and driving while intoxicated.

Defendant entered a counseled plea of guilty to the crimes of manslaughter in the second degree and driving while intoxicated in full satisfaction of an 11-count indictment. He was then sentenced to the agreed upon prison term of 3 to 9 years on the charge of manslaughter in the second degree and a concurrent term of one year on the charge of driving while intoxicated. On this appeal, defendant contends that County Court erred by accepting his guilty plea because it was factually insufficient and was not knowingly, voluntarily or intelligently made. As defendant failed to move either to withdraw the plea or to vacate the judgment of conviction, this issue has not been preserved for our review (*see People v Johnson*, 297 AD2d 879, *lv denied* 99 NY2d 537; *People v McWhite*, 295 AD2d 757). Were we to consider the merits of this contention, however, we would be unpersuaded. Our review of the transcript of the plea hearing discloses that defendant's guilty plea was knowingly, voluntarily and intelligently made and that his admissions of driving with a blood alcohol level of .15%, losing control of his motor vehicle and fatally striking a pedestrian established the factual elements of the crimes to which he pleaded guilty (*see People v Kemp*, 288 AD2d 635, 636).

Nor do we find merit in defendant's claim of ineffective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*,

86 NY2d 397, 404 [citations omitted]). Upon the facts before us, we conclude that defendant received meaningful representation from defense counsel who, inter alia, negotiated a favorable plea bargain given the severity of defendant's crimes and the overwhelming evidence of his guilt.

We are equally unpersuaded by defendant's assertion that the sentence is harsh or excessive. The record contains no indication that County Court abused its discretion by imposing the sentence nor are there any extraordinary circumstances warranting modification thereof in the interest of justice (*see People v Bankowski*, 204 AD2d 802, 803).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.