■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RAFAEL TORRES, Appellant. [772 NYS2d 125]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered May 13, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.

In January 2002, defendant pleaded guilty to criminal possession of a controlled substance in the first degree stemming from the seizure in May 2001 of approximately 38 pounds of cocaine in the City of Schenectady, Schenectady County. Pursuant to a plea agreement, defendant waived his right to appeal and the People recommended a prison sentence of 16½ years to life. At his March 2002 sentencing, defendant, for the first time,

requested an interpreter and sought to withdraw his guilty plea contending that he was confused and that his attorney failed to provide him with adequate consultation. County Court adjourned the matter and assigned new counsel who moved, pursuant to CPL 220.60 (3), to withdraw defendant's guilty plea, but said motion was denied. Thereafter, in May 2002, defendant was sentenced to 16½ years to life in accordance with the plea agreement.

Defendant contends that his guilty plea was neither knowing nor voluntary. He alleges that his lack of proficiency in English prevented him from understanding what transpired during the plea proceeding. "It is a well-established precept of due process that non-English speaking defendants in criminal actions are entitled to an interpreter . . . ." (*People v Rodriguez*, 221 AD2d 820, 821 [1995], *lv denied* 87 NY2d 924 [1996] [citations omitted]). Here, at the commencement of the plea proceeding, County Court inquired of defendant as to whether he needed an interpreter. He responded, "No, I don't need an interpreter." When asked if his English was sufficient to enable him to understand what the court was saying to him, defendant responded in the affirmative. Defendant even interjected an answer to a question before the court finished asking it:

THE COURT: "Okay. If at any time I say anything that you don't understand—"

THE DEFENDANT: "I'll let you know."

THE COURT: "You don't agree, let me know."

THE DEFENDANT: "I'll let you know."

Defendant appropriately answered questions pertaining to his age, his residence and the amount of cocaine seized, noting that it was 17 kilos. He further stated that he had no money to pay the applicable statutory surcharge. The record indicates that he "provided, with no apparent language difficulty," detailed information for the preparation of a presentence report, including "family background, education, employment[,] physical condition" and history of substance abuse (*People v Rodriguez, supra* at 821) and told the reporter that he intended to withdraw his guilty plea. Moreover, the record shows that he did not require the assistance of an interpreter at his previous court appearances for arraignment, the *Huntley* hearing and the *Sandoval* hearing. Under the circumstances, we find no merit to defendant's contention that his plea was not knowingly entered because of a lack of fluency in English.

Next, the record belies defendant's claim that his plea was not knowingly entered due to inadequate consultation with his

attorney. Defendant specifically acknowledged that he had sufficient time to talk to his attorney about all of his options before proceeding with the plea and that he was satisfied with his attorney's services.

Furthermore, to the extent that defendant contends that his plea was not voluntarily made, we note that County Court fully explained the ramifications of pleading guilty, including the rights that defendant was relinquishing. He further denied that anyone threatened him or put pressure on him to plead guilty and indicated that he understood everything that was occurring in court (*see People v Lopez*, 295 AD2d 701, [2002]; *People v Robertson*, 288 AD2d 620, 621 [2001], *lv denied* 97 NY2d 760 [2002]). Moreover, defendant acknowledged that he knowingly and unlawfully possessed more than four ounces of cocaine on the specific date, time and place charged (*see People v Johnson*, 297 AD2d 879, 879 [2002], *lv denied* 99 NY2d 537 [2002]). Therefore, we find that defendant entered a knowing, voluntary and intelligent plea and waiver of appeal.

Additionally, defendant's rights to challenge County Court's denial of his suppression motion and the severity of his sentence are encompassed by his voluntary unrestricted waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). In any event, based upon our review of the record, we find "no extraordinary circumstances or abuse of the sentencing court's discretion that would warrant a reduction of the sentence in the interest of justice" (*People v Perry*, 2 AD3d 1153, 1153 [2003]; *see People v Flood*, 307 AD2d 478, 479 [2003], *lv denied* 100 NY2d 642 [2003]).

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.