■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN BARRIER, Also Known as BARRY, Appellant. [776 NYS2d 374]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered October 31, 2002, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

After jury selection, defendant accepted the People's plea offer, pleaded guilty to sexual abuse in the first degree and executed an appeal waiver in satisfaction of a five-count indictment also charging him with attempted rape in the first degree and other crimes. The plea related to his conduct in February 2002 in subjecting a 12-year-old girl to sexual contact by forcible compulsion. In accordance with the plea agreement, defendant was later sentenced, as a second child sexual assault felony offender (see Penal Law § 70.07), to a prison term of seven years with five years of postrelease supervision. Defendant appeals and we affirm.

Initially, defendant's challenge to the voluntariness of his plea is not preserved for our review, as defendant never moved to withdraw his plea or to vacate the judgment of conviction (see People v Harrington, 3 AD3d 737, 738 [2004]). Moreover, defendant's claims that he was rushed or pressured to plead guilty or that he had inadequate time to consult with counsel and was misled are belied by the record, which reflects that defendant had been given numerous adjournments to consider plea offers and ample opportunity to confer with counsel. During the plea colloquy, defendant initially indicated his intent to accept the plea offer and then, after conferring with counsel, counsel indicated that defendant had changed his mind about the plea and the People stated their trial readiness; defendant then unequivocally and repeatedly stated his wish to accept the plea for the "last time," declined suggestions that he confer with counsel, pleaded guilty and proceeded, under oath, to admit the charged conduct. County Court answered defendant's questions, ascertained that he understood, allowed him to confer with counsel and apprised him at length about the rights that he was foregoing and the consequences and terms of the plea and the appeal waiver which were, in all respects, voluntary, knowing and intelligent (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Hughes, 3 AD3d 736, 736-737 [2004]; People v Kirkland, 2 AD3d 1063, 1063 [2003]).

Next, defendant's challenge to County Court's *Molineux* evidentiary ruling was forfeited by his guilty plea (*see People v Campbell*, 73 NY2d 481, 486 [1989]; *People v Taylor*, 65 NY2d 1, 5-6 [1985]; *People v Mead*, 198 AD2d 612 [1993], *lv denied* 82 NY2d 899 [1993]; *see also People v Hansen*, 95 NY2d 227, 230-231 [2000]). Additionally, defendant's right to challenge that pretrial ruling and his challenge to the sentence as harsh and excessive are encompassed and foreclosed by his voluntary, unqualified waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Callahan*, 80 NY2d 273, 280-281 [1992]; *People v Seaberg, supra*; *People v Torres*, 4 AD3d 624, 626 [2004]).

Finally, defendant's challenges to the adequacy of trial counsel's representation are unpreserved (*see People v Clifford*, 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]). While such claims, if preserved, would survive the appeal waiver to the extent that they relate to the voluntariness of defendant's plea (*see People v Shaw*, 306 AD2d 697, 698 [2003], *lv denied* 100 NY2d 645 [2003]), a review of the record reflects that, in this case, they lack merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.