■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN E. ATWOOD, Appellant. [779 NYS2d 646]—

Spain, J.P. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered January 8, 2003, convicting defendant upon her plea of guilty of the crimes of grand larceny in the third degree and falsifying business records in the first degree (nine counts).

In November 2002, defendant entered a plea of guilty to the crimes of grand larceny in the third degree and nine counts of falsifying business records in the first degree, all of the pending[1] charges in an indictment. The charges related to her theft of approximately $35,000 from the Glens Falls Civic Center and conduct in making false entries in its box office summaries to conceal the theft while employed there by a temporary agency. Upon these convictions, she was ordered to pay restitution and sentenced to a prison term of 2 to 6 years on the grand larceny count, and to lesser concurrent terms on the remaining counts.

Previously, in August 2002, defendant had pleaded guilty to all of the same charges, but was permitted to withdraw that plea in September 2002, as promised, when County Court indicated after receipt of the presentence report that it intended to impose a prison sentence in excess of one year. County Court thereafter denied defendant's motion to compel the court to impose a one-year jail sentence which defendant argued had been agreed to in the initial plea deal and was not undermined by the presentence report. After a *Huntley* hearing, County Court also denied that prong of defendant's motion to suppress[2] a written statement that she provided to police following her February 2002 arrest on these charges. Defendant now appeals

---

**1.** The first count of the indictment had been dismissed, upon the People's motion.

**2.** In the stipulation in lieu of motions signed by the parties, defendant requested suppression hearings to ascertain the voluntariness of her statement on three issues: the advisement of her rights, probable cause and right to counsel.

from the judgment rendered upon her November 2002 plea, and we affirm.

Initially, defendant's entry of a valid guilty plea forfeited her right to challenge any aspect of County Court's evidentiary *Molineux* ruling (*see People v Barrier,* 7 AD3d 885 [2004]; *People v Mead,* 198 AD2d 612, 613 [1993], *lv denied* 82 NY2d 899 [1993]; *see also People v Campbell,* 73 NY2d 481, 486 [1989]). Next, defendant pleaded guilty while her motion was pending to suppress her statement to police based upon lack of probable cause to arrest her without a warrant, forfeiting this issue for appellate review (*see People v Williams,* 6 AD3d 746, 747 [2004]; *People v Huff,* 257 AD2d 678, 679 [1999], *lv denied* 93 NY2d 854 [1999]; *see also People v Fernandez,* 67 NY2d 686, 688 [1986]; *cf.* CPL 710.70 [2]). Defendant's contention that County Court actually denied the probable cause claim raised in her omnibus papers is belied by the record. At the *Huntley* hearing at which the arresting officer was the sole witness to testify, the only voluntariness issue raised or addressed related to the postarrest advisement of defendant's *Miranda* rights prior to her written statement and to the circumstances of giving that statement (*see People v Huntley,* 15 NY2d 72 [1965]; *see also People v Briggs,* 38 NY2d 319, 322-323 [1975]; CPL 60.45 [1], [2] [a]; 710.20 [3]); no issue was raised at the hearing related to probable cause for her arrest until closing arguments (*see* CPL 60.45 [2] [b] [ii]; *Dunaway v New York,* 442 US 200 [1979]). In its *Huntley* decision denying suppression, the court clearly stated that it would resolve the undecided probable cause issue on a future scheduled date. There can be no question that when defendant thereafter pleaded guilty, she was on notice that her motion to suppress based upon the lack of probable cause was still pending and, accordingly, her guilty plea operates as a waiver of that undecided motion (*see People v Fernandez, supra; People v Williams, supra*).

Finally, defendant's claims of entitlement to the terms of the initial plea (i.e., a jail term of one year or less), which was later vacated at defendant's request, were forfeited by her subsequent valid guilty plea (*see People v Taylor,* 65 NY2d 1, 5-6 [1985]). In any event, at the initial plea, County Court never promised any particular sentence and retained discretion as to sentencing, merely agreeing to allow defendant to withdraw her plea should the court determine—after reviewing the presentence report— that state imprisonment was appropriate. Defendant was permitted to withdraw that initial plea, affording all of the relief to which she was entitled (*see People v Selikoff,* 35 NY2d 227, 240 [1974], *cert denied* 419 US 1122 [1975]; *People v*

*Saletnik,* 285 AD2d 665, 668 [2001]; *People v Brooks,* 284 AD2d 796, 797-798 [2001]). Defendant's remaining contentions have been reviewed and determined to lack merit.

Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.