◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT M. YANUS, Appellant. [786 NYS2d 264]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 21, 2002, convicting defendant upon his plea of guilty of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree and driving while intoxicated.

Defendant was charged in a three-count indictment with the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree and driving while intoxicated following an automobile accident which resulted in the death of his female companion. Defendant pleaded guilty to the entire

indictment and stated on the record that no promises were made to him with respect to sentencing.

Prior to the date scheduled for sentencing, defendant was arrested and charged with the crime of aggravated unlicensed operation of a motor vehicle in the second degree. At a conference conducted prior to sentencing defendant on his manslaughter plea, County Court agreed to sentence defendant to a prison term of 2 to 6 years. Notwithstanding, County Court sentenced him to 3 to 9 years on the charge of manslaughter in the second degree and a concurrent prison term of 2 to 6 years on the charge of vehicular manslaughter in the second degree. Defendant appeals.

We reject defendant's contention that County Court failed to abide by the terms of its agreement to sentence him to a prison term of 2 to 6 years. A trial court retains discretion in fixing an appropriate sentence up until the time of sentencing (*see People v Rawdon*, 296 AD2d 599, 599 [2002], *lv denied* 98 NY2d 771 [2002]; *People v Brooks*, 284 AD2d 796, 797 [2001]). In any event, at sentencing County Court provided defendant the opportunity to withdraw his plea, affording him all of the relief to which he was entitled (*see People v Atwood*, 9 AD3d 512, 513-514 [2004]; *People v Brooks, supra* at 797) and defendant agreed to proceed with sentencing.

We are equally unpersuaded by defendant's assertion that the sentence is unduly harsh. The record indicates that the court considered, among other things, the nature of the crime, defendant's presentence investigation report and his subsequent arrest for aggravated unlicensed operation of a motor vehicle. In view of this, as well as the fact that defendant's conduct resulted in the death of the victim, we find neither an abuse of discretion nor any extraordinary circumstances which would justify disturbing the sentence (*see People v Nieves*, 302 AD2d 625, 626 [2003], *lv denied* 100 NY2d 541 [2003]; *People v Bankowski*, 204 AD2d 802, 803 [1994]).

Peters, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.