■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLURIM TOFAJ, Also Known as FLURIM TOFAO and FLURIM TOFAI, Appellant. [786 NYS2d 846]—Kane, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered July 14, 2003, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant pleaded guilty to the crime of attempted burglary in the second degree, waived his right to appeal and was sentenced in accordance with the plea agreement. Defendant's argument that his plea was involuntary due to County Court's failure to provide an interpreter is unpreserved for review because, although the court ordered an interpreter for all future proceedings, defendant never raised the issue at later proceedings where no interpreter was present nor did he object to the absence of an interpreter (*see People v Fioravantes,* 229 AD2d 784, 785 [1996], *lv denied* 89 NY2d 920 [1996]). Further, his failure to move either to withdraw his plea or vacate the judgment of conviction precludes appellate review of his arguments regarding the interpreter and that he was denied the effective assistance of counsel (*see People v Washington,* 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]; *People v Pagan,* 284 AD2d 651, 652 [2001], *lv denied* 96 NY2d 922 [2001]; *People v Avila,* 271 AD2d 541 [2000], *lvs denied* 95 NY2d 850, 853 [2000]). In any event, the record reveals that defendant was capable of understanding the proceedings in English (*see People v Torres,* 4 AD3d 624, 625 [2004], *lv denied* 2 NY3d 765 [2004]; *People v Serna,* 270 AD2d 646, 646 [2000], *lv denied* 95 NY2d 804 [2000]). Defendant's remaining contentions are either barred by his waiver of appeal or are without merit.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.