◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO TORRES, Appellant. [817 NYS2d 844]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 10, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that County Court erred in denying his motion to withdraw his plea on the ground that he did not speak or understand English and defense counsel did not consult with him through a Spanish interpreter. According to defendant, because of his inability to speak and understand English, he did not know the crime to which he was pleading guilty and did not fully comprehend his rights, including the right to seek suppression of the cocaine seized from his vehicle. We reject defendant's contention. The record establishes that defendant spoke and understood English (*see People v Rodriguez*, 221 AD2d 820, 821 [1995], *lv denied* 87 NY2d 924 [1996]; *People v Ramirez*, 137 AD2d 770 [1988], *lv denied* 71 NY2d 1031 [1988]), and thus the court properly denied his motion without conducting a hearing (*see generally People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]).

We reject defendant's further contention that this Court should apply the ameliorative doctrine set forth in *People v Behlog* (74 NY2d 237 [1989]) and impose a lesser sentence as a matter of discretion in the interest of justice. Even assuming, arguendo, that the Drug Law Reform Act (L 2004, ch 738) is an

ameliorative act, we conclude that defendant is not entitled to a reduction of his sentence. The amelioration "doctrine does not require reconsideration of final judgments under statutes that are later amended. Defendants whose cases are complete prior to the effective date of an ameliorative amendment have been properly evaluated under the standards of the criminal law in effect at the time of the proceedings against them" (*People v Walker*, 81 NY2d 661, 667 [1993]). Here, defendant was sentenced prior to the effective date of the Drug Law Reform Act. Finally, to the extent that the contention of defendant that he was denied effective assistance of counsel survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.