■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORELVIS FELIZ, Appellant. [858 NYS2d 472]—Malone Jr., J. Appeal

from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 30, 2007, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While an inmate at Elmira Correctional Facility in Chemung County, defendant was found to be in possession of a sharpened plexiglas shank and subsequently was indicted on one count of promoting prison contraband in the first degree. Following various adjournments, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree. In accordance with the plea agreement, defendant thereafter was sentenced as a second felony offender to a prison term of 1¹/₂ to 3 years—said sentence to run consecutively to the sentence defendant then was serving. Defendant now appeals, contending that he was denied the effective assistance of counsel.

We affirm. Although the crux of defendant's ineffective assistance of counsel claim is unclear, to the extent that defendant suggests that it impacts upon the voluntariness of his plea, defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders this issue unpreserved for our review (*see People v McKeney*, 45 AD3d 974, 975 [2007]; *People v Bonelli*, 41 AD3d 972, 973 [2007], *lv denied* 9 NY3d 921 [2007]). Similarly, to the degree that defendant's brief may be read as contending that trial counsel failed to adequately investigate the circumstances of his case, such claim is more appropriately pursued via a CPL article 440 motion, particularly where, as here, the proof necessarily involves facts outside the record (*see People v McKeney*, 45 AD3d at 975; *People v Bonelli*, 41 AD3d at 973; *People v Douglas*, 38 AD3d 1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]). Finally, with regard to trial counsel's alleged failure to secure an interpreter for defendant's various appearances before County Court, we need note only that defendant's now professed difficulties understanding the English language are belied by a review of the transcripts at issue—most notably, defendant's plea allocution (*see People v Tofaj*, 14 AD3d 734 [2005]; *People v Pagan*, 284 AD2d 651, 652 [2001], *lv denied* 96 NY2d 922 [2001]). Accordingly, the judgment of conviction is affirmed.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.