The People of the State of New York, Respondent, 
against
Jovenel Jules, Appellant.




 New York City Legal Aid Society (Lorraine Maddalo of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Jean M. Joyce of counsel), for respondent.

Appeals from (1) a judgment of the Criminal Court of the City of New York, Kings County (Matthew A. Sciarrino, Jr., J., at plea; John T. Hecht, J., at sentence), rendered June 16, 2014 (Criminal Court docket No. 2013KN081977), and (2) from a judgment of that court (John T. Hecht, J.) rendered April 4, 2014, as amended June 16, 2014 (Criminal Court docket No. 2014KN010212). The judgment under Criminal Court docket No. 2013KN081977 convicted defendant, upon his plea of guilty, of attempted assault in the third degree and disorderly conduct, and imposed sentence. The judgment under Criminal Court docket No. 2014KN010212 convicted defendant, upon his plea of guilty, of assault in the third degree and, as amended, resentenced defendant to a term of six months' incarceration. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel with respect to the appeal of the judgment of conviction under Criminal Court docket No. 2014KN010212.




ORDERED that the judgments of conviction are affirmed.
In an accusatory instrument filed under Criminal Court docket No. 2013KN081977, defendant was charged with, among other things, assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law § 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]), in that, on September 12, 2013, defendant allegedly punched the mother of his child in the face, resulting in swelling to her face and a laceration to her mouth. It was further alleged that the victim sustained substantial pain and sought medical attention at a local hospital.
In a separate accusatory instrument filed under Criminal Court docket No. 2014KN010212, defendant was charged with, among other things, assault in the third degree (Penal Law § 120.00 [1]), two counts of menacing in the second degree (Penal Law § 120.14 [1]), two counts of criminal mischief in the fourth degree (Penal Law §§ 145.00 [1], [4]), two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), [*2]attempted assault in the third degree (Penal Law § 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]), based on an incident involving defendant's sister which allegedly occurred on February 9, 2014.
Defendant was arraigned on the charges under docket No. 2013KN081977 on October 25, 2013, before Judge Michael J. Yavinsky. No interpreter was present at the court proceeding. At the arraignment, the court asked defendant, "Mr. Jules, you can hear me, right?" Defendant responded "yes." The court, among other things, issued an order of protection in favor of defendant's girlfriend and against him. The court told defendant, among other things, that he "can have no contact with [her] while the case is going on or you will be rearrested. . . . Do you understand that so far?" Defendant again responded "yes." When defendant's counsel indicated, with respect to the order of protection for the girlfriend, that there was "a child in common," the court asked, "[s]on or daughter with her," and defendant interjected, "[a] daughter."
On November 13, 2013, defendant appeared before Judge Matthew A. Sciarrino, Jr., with respect to docket No. 2013KN081977. Again, defendant was not assisted by a Creole interpreter. Defendant agreed to plead guilty to attempted assault in the third degree and an added charge of disorderly conduct in satisfaction of all of the charges in the accusatory instrument, and to attend and complete a batterer's intervention program. Upon the completion of the program, defendant would be permitted to withdraw his plea and to plead guilty instead to a charge of disorderly conduct. If defendant did not complete the program, he could be sentenced to a term of 90 days of incarceration. Defendant replied "yes" to every question asked by the court during the allocution. When asked whether, on September 12, 2013, he struck the mother of his child in an attempt to injure her, defendant initially answered "no," but, after counsel asked if defendant understood and he replied "yes," defendant answered "yes" when the court and his counsel asked him if he attempted to strike her or assault her.
On February 12, 2014, defendant was arraigned on docket No. 2014KN010212 with respect to a February 9, 2014 incident. Defendant was not assisted by a Creole interpreter.
On April 4, 2014, defendant appeared in Criminal Court before Judge John T. Hecht. A Creole interpreter was present at that proceeding. The prosecutor indicated that "on the defendant's new docket . . . the People's offer would be a plea to an A [misdemeanor], reckless assault," and re-entering a "TASC Batterers Intervention Program." A lengthy discussion ensued between the court, counsel, and a TASC representative as to whether defendant would be capable of completing the program. During this colloquy, there was extensive discussion regarding defendant's case pursuant to docket No. 2013KN081977, upon which he had already pleaded guilty, and that he would be "switching" to the TASC Batterers Intervention Program with respect to both dockets. Defendant waived prosecution by information on the charges under docket No. 2014KN010212. The following then occurred:
"THE COURT: Did you discuss with Mr. Jules that if he is not a United States citizen, this plea may result in his deportation, exclusion from admission into the United States and denial of naturalization?
[DEFENDANT'S COUNSEL]: We had an extensive conversation regarding that issue.
THE COURT: Do you know that, sir?
THE DEFENDANT: Yes.
THE COURT: Are you pleading guilty to assault, sir?
THE DEFENDANT: Yes.
* * *
THE COURT: Is that because on February 9th you recklessly injured [defendant's sister] by —- look, what I am going [to] ask him, [counsel], is whether he recklessly injured [her] by striking [her] about the arm and hip with a cane. Can he do that? Can he allocute that way?
[DEFENDANT'S COUNSEL]: Yes.
THE COURT: He can. Okay. Is that what happened, sir?
THE DEFENDANT: Yes.
THE COURT: Has anybody forced or threatened you to get you to plead guilty?
THE DEFENDANT: No.
THE COURT: Do you understand, sir, that by pleading guilty you are giving up certain rights including your right to a trial, your right to confront witnesses against you and your right to remain silent?
THE DEFENDANT: Yes.
THE COURT: Do you want to say anything, sir, before I sentence you?
THE DEFENDANT: No."
The court then sentenced defendant to a conditional discharge on the charge of assault in the third degree under docket No. 2014KN010212.
Defendant failed to complete the batterer's intervention program. On June 16, 2014, defendant appeared before Judge Hecht on both dockets. With respect to docket No. 2013KN081977, defendant was sentenced to a term of 30 days of incarceration on the conviction of attempted assault in the third degree, and a concurrent term of incarceration of 15 days on the conviction of disorderly conduct. With respect to docket No. 2014KN010212, the court revoked the sentence of a conditional discharge, finding that defendant had not fulfilled his obligation, and resentenced defendant on the conviction of assault in the third degree to a consecutive term of incarceration of six months.
On appeal, defendant contends that, with respect to docket No. 2013KN081977, he is entitled to a hearing pursuant to People v Peque (22 NY3d 168 [2013]) as to whether he should be permitted to withdraw his plea, because he was not advised of the immigration consequences of his plea. He also contends that he did not knowingly enter his plea on that docket because he was not assisted by a Creole Interpreter. With respect to docket No. 2014KN010212, defendant's counsel asserts that there are no nonfrivolous issues that can be raised, and thus seeks to withdraw as counsel pursuant to Anders v California (386 US 738 [1967]).
In People v Peque (22 NY3d at 176), the Court of Appeals stated "that deportation is a plea consequence of such tremendous importance, grave impact and frequent occurrence that a defendant is entitled to notice that it may ensue from a plea. We therefore hold that due process compels a trial court to apprise a defendant that, if the defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony" [footnote omitted]). The Court of Appeals elaborated that "the trial court's failure to provide such advice does not entitle the defendant to automatic withdrawal or vacatur of the plea. Rather, to overturn his or her conviction, the defendant must establish the existence of a reasonable probability that, had the court warned the defendant of the possibility of deportation, he or she would have rejected the [*3]plea and opted to go to trial" (id. [footnote omitted]). In addition, such a claim falls within the "narrow exception to the preservation doctrine" established in People v Lopez (71 NY2d 662, 665 [1988]) and People v Louree (8 NY3d 541 [2007]) (People v Peque, 22 NY3d at 183). The court then determined that the proper remedy for such a violation is a remittal to the lower court to afford the defendant the opportunity to move to withdraw his plea (see People v Peque, 22 NY3d at 200-201; People v Llibre, 125 AD3d 422, 423 [2015]; People v Martial, 50 Misc 3d 131[A], 2015 NY Slip Op 51932[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). In a footnote, the Court of Appeals in Peque left open the question as to whether Peque applies to misdemeanor pleas (see People v Peque, 22 NY3d at 197, n 9).
Here, defendant could have raised the issue regarding the failure to inform him on November 13, 2013 of the immigration consequences of his plea under docket No. 2013KN081977 at any time prior to his sentencing thereon on June 16, 2014, but failed to do so. Thus, we find defendant's claim regarding the failure to inform him of the immigration consequences of his plea under docket No. 2013KN081977 to be unpreserved for appellate review.
It is well settled that a non-English speaking defendant in a criminal action is entitled to an interpreter so that he or she can meaningfully participate in the trial and assist in their defense (see People v Ramos, 26 NY2d 272, 274 [1970]; People v Rodriguez, 221 AD2d 820, 821 [1995]). However, where the defendant's responses to the court's questions at a plea proceeding demonstrate that the defendant was able to speak English and was not in need of an interpreter, such a claim will be rejected (see People v Jimenez, 96 AD3d 1109, 1110 [2012]; People v Rosario, 93 AD3d 605, 605-606 [2012]; People v Pagan, 284 AD2d 651, 652 [2001]; People v Serna, 270 AD2d 646 [2000]).
Here, the record demonstrates that defendant understood the proceedings and answered the Criminal Court's questions in English, even without the assistance of a Creole interpreter. Defendant argues that the evidence that he did not understand English was when, during the plea, the court asked defendant whether, on September 12, 2013, he struck the mother of his child in an attempt to injure her. Defendant initially answered "no," but after counsel asked if defendant understood and he replied "yes," defendant answered "yes" when the court and his counsel asked him if he attempted to strike her or assault her. Furthermore, at the arraignment on October 25, 2013, when the court asked whether defendant had a son or daughter with the complainant, defendant replied, "[a] daughter." That exchange establishes that defendant was able to speak and understand English without the assistance of an interpreter. Consequently, we find no basis to disturb the judgment of conviction with respect to docket No. 2013KN081977.
We are satisfied with the sufficiency of the brief filed by defendant's assigned counsel pursuant to Anders v California (386 US 738 [1967]), regarding the judgment of conviction, as amended, with respect to docket No. 2014KN010212, and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on that appeal. Counsel's application for leave to withdraw as counsel with respect to that appeal is, therefore, granted (see id.; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2011]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]).
Accordingly, the judgments of conviction are affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 15, 2018