People v Abraham (2018 NY Slip Op 06593)





People v Abraham


2018 NY Slip Op 06593


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

108586

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON R. ABRAHAM, Appellant.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered May 5, 2016, convicting defendant upon his plea of guilty of the crime of vehicular assault in the first degree, and (2) by permission, from an order of said court, entered October 6, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In August 2015, after a day of drinking, defendant was driving his vehicle at a high rate of speed on Route 9 in the Town of Moreau, Saratoga County when he struck the rear of a vehicle that was in front of him causing it to veer off the road, strike a utility pole and flip over a number of times. The two occupants, who were temporarily trapped inside the vehicle, sustained several injuries as a result of the crash. After the impact, defendant's vehicle continued along the road for a short distance until it eventually came to a stop. When the police and emergency responders arrived at the scene, defendant was found lying in the road near his vehicle, apparently unconscious. He was transported to the hospital where he regained consciousness and consented to a blood test. The results of the blood test revealed that he had a blood alcohol content of .18%.
Thereafter, defendant was charged in an indictment with multiple crimes arising from the accident. Following extended proceedings, he pleaded guilty to vehicular assault in the first degree in satisfaction of the indictment and waived his right to appeal. Prior to sentencing, he made an unsuccessful pro se postallocution motion to, among other things, withdraw his guilty plea. He was thereafter sentenced, in accordance with the terms of the plea agreement, to 1&frac13; to 4 years in prison. Defendant subsequently moved pro se to vacate the judgment of conviction pursuant to CPL 440.10. The motion was denied by County Court without a hearing. Defendant [*2]appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Initially, defendant contends that his guilty plea was not knowing, voluntary and intelligent because he was suffering from anxiety and posttraumatic stress disorder at the time that he entered the plea, and was unduly pressured by his counsel to plead guilty. As conceded by the People, this claim survives defendant's unchallenged waiver of the right to appeal (see People v Conley, 161 AD3d 1486, 1486-1487 [2018]; People v Forest, 141 AD3d 967, 968 [2016], lv denied 28 NY3d 1145 [2017]) and was preserved by his pro se postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Massia, 131 AD3d 1280, 1281 [2015], lv denied 26 NY3d 1041 [2015]). Nevertheless, we find defendant's claim to be without merit.
During the plea proceedings, defendant did not indicate that he was suffering from any mental health impairments or disclose that he was under the care of a psychiatrist or psychologist. He related that he fully understood the consequences of pleading guilty, including the rights that he was forfeiting, and was satisfied with the services of counsel. Notably, during the plea proceedings, defendant did not reveal any coercion on the part of counsel concerning his entry of the guilty plea. Although he raised the issue of coercion in his pro se postallocution motion to withdraw his plea, he failed to submit persuasive evidentiary proof in support thereof. Accordingly, we conclude that defendant's guilty plea was not a product of mental distress (see People v Pixley, 150 AD3d 1555, 1556 [2017], lv denied 30 NY3d 952 [2017]) or coercion (see People v Khan, 139 AD3d 1261, 1263 [2016], lvs denied 28 NY3d 932, 934 [2016]).
Defendant further contends that his counsel committed numerous errors that deprived him of the effective assistance of counsel. To the extent that such errors impacted the voluntariness of his guilty plea, they survive his unchallenged appeal waiver (see People v Turner, 27 AD3d 962, 964 [2006]; People v White, 300 AD2d 830, 832 [2002], lvs denied 99 NY2d 586, 633 [2003]) and were preserved by his pro se postallocution motion (see People v Ramey, 123 AD3d 1290, 1290 [2014], lv denied 25 NY3d 953 [2015]). However, contrary to defendant's assertions, the record does not reveal that counsel failed to properly investigate or explore possible defenses or that he compelled defendant to enter a guilty plea. Moreover, by pleading guilty, defendant forfeited his challenges to counsel's motion practice and discovery efforts (see People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]; People v Islam, 134 AD3d 1348, 1349 [2015]). In any event, given that counsel negotiated a favorable disposition in the face of substantial incriminating evidence, we find that defendant was provided meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Nieves, 302 AD2d 625, 626 [2003], lv denied 100 NY2d 541 [2003]). We have considered defendant's remaining claims, including his challenge to the blood test results, and find them to be lacking in merit.[FN1]
Egan Jr., J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: We note that defendant has not raised any arguments specifically addressing the denial without a hearing of his CPL 440.10 motion, which encompassed the claims that he now raises on direct appeal.