People v Bowden (2019 NY Slip Op 07961)





People v Bowden


2019 NY Slip Op 07961


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109827

[*1]The People of the State of New York, Respondent,
v
Karon Bowden, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Catherine A. Barber, Guilderland, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 24, 2017, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
In July 2016, defendant was charged in a two-count indictment with murder in the second degree and criminal possession of a weapon in the second degree. In full satisfaction thereof, defendant pleaded guilty to murder in the second degree and waived his right to appeal, both orally and in writing. In exchange for his guilty plea, the People indicated that their recommended sentence would be that defendant receive a prison term of at least 20 years to life. County Court stated that it would accept the plea agreement and offered no sentencing commitment beyond that it would not impose the maximum sentence allowed by law, to which defendant indicated his understanding prior to pleading guilty. Consistent with the foregoing, County Court thereafter sentenced defendant to a prison term of 24 years to life, and defendant appeals.
We affirm. The record reflects that, during the plea proceeding, defendant was advised that the waiver of the right to appeal was a condition of the plea agreement, and defendant acknowledged his understanding of the plea agreement and its terms (see People v Snare, 174 AD3d 1222, 1222 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). County Court then advised defendant that his right to appeal was "completely separate" from the trial-related rights automatically forfeited by his guilty plea, and defendant acknowledged that he understood the nature of the waiver and that he was voluntarily waiving his right to appeal (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Boyette, 175 AD3d 751, 752 [2019]; People v Womack, 172 AD3d 1819, 1820 [2019], lv denied 33 NY3d 1110 [2019]). Defendant, after consulting with counsel, also signed a written waiver of appeal in open court — which adequately described the nature and scope of the appellate rights being waived and stated, among other things, that defendant was waiving his right to appeal in consideration of the plea agreement — and County Court confirmed that he had no questions about the written waiver (see People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]; People v Greene, 171 AD3d 1407, 1408 [2019]; People v Stebbins, 171 AD3d 1395, 1396 [2019], lv denied 33 NY3d 1108 [2019]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d at 256; People v Cannelli, 173 AD3d 1567, 1568 [2019]; People v Thacker, 173 AD3d at 1360-1361). As a result of defendant's valid waiver of appeal, he is precluded from contesting County Court's Molineux rulings (see People v Guyette, 121 AD3d 1430, 1431 [2014], lv denied 27 NY3d 998 [2016]; People v Wolz, 112 AD3d 1150, 1152 [2013], lv denied 23 NY3d 1026 [2014]). Moreover, "defendant's entry of a valid guilty plea forfeited [his] right to challenge any aspect of County Court's evidentiary Molineux ruling" (People v Atwood, 9 AD3d 512, 513 [2004]; see People v Pierre, 8 AD3d 904, 906 [2004], lv denied 3 NY3d 710 [2004]; People v Barrier, 7 AD3d 885, 886 [2004], lvs denied 3 NY3d 670 [2004]).
Next, defendant contends that the appeal waiver does not preclude his challenge to the severity of the sentence because he was not specifically advised at the time of his plea of the maximum sentence that he could potentially receive. Although County Court advised and promised defendant that he would "not receive the maximum [sentence] in return for [his] plea of guilty," the court failed to advise defendant of that maximum sentence or what sentence defendant could receive. Inasmuch as defendant was "not advised at the time of the plea of the maximum sentence [that] he . . . could face, the appeal waiver does not encompass the right to challenge the sentence as harsh and excessive" (People v Espino, 279 AD2d 798, 800 & n [2001]; see People v Long, 117 AD3d 1326, 1327 [2014], lv denied 24 NY3d 1003 [2014]; People v Forkey, 72 AD3d 1209, 1211 [2010]; People v Tesar, 65 AD3d 717, 717 [2009]; compare People v Lococo, 92 NY2d 825, 827 [1998]). Turning to the merits, we do not find that the challenged sentence was harsh and excessive. The sentence imposed was, consistent with the plea agreement, less than the possible maximum (see Penal Law § 70.00 [2] [a]; [3] [a] [i]). Further, the sentence is justified by defendant's senseless act of domestic violence causing the death of his former domestic partner. Therefore, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Burkett, 101 AD3d 1468, 1473 [2012], lv denied 20 NY3d 1096 [2013]; People v Centorani, 294 AD2d 613, 614 [2002]; People v Robinson, 262 AD2d 795, 795 [1999], lv denied 93 NY2d 1045 [1999]).
Garry, P.J., Lynch and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.